**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1532
_____

NORMAN SHELTON,
Appellant

v.

WARDEN BLEDSOE; A. W. YOUNG; CAPTAIN TRATE; S.I.A. PERRIN; S.I.S.
LIEUTENANT HEATH; LT. SCAMPONE; LT. EDENGER, LT; A. W. HUDSON; LT.
HARPER; LT. HEPNER; LT. JOHNSON; C/O ZEIDER; C/O GRENOT;
C/O HUMMER; C/O WHITTAKER; C/O WERT; C/O HORNBURGER; C/O
STUGARD; C/O BUFF; C/O CAMBEE; C/O MUFFAT; C/O CARPENTER;
COORDINATOR NEVIL; MAILROOM SUPERVISOR OLSHESKIE; MEDICAL
LADISTIC; FRANCIS FASCIANA, MLP; C/O WEBB; BERKOSKI, CASE
MANAGER; C/O VEGH; C/O HAMILTON; C/O DEITZ; CASE MANAGER
HAMILTON; RAUP, CORRECTIONAL OFFICER; GALLETA, LIEUTENANT;
POTTER, MEDICAL EXAMINER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-11-cv-00368)
District Judge:  Honorable William J. Nealon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2013
Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: April 23, 2013)

_____

OPINION
_____

PER CURIAM

Norman N. Shelton, a federal prisoner proceeding pro se, appeals from the District Court's grant of summary judgment in favor of the Defendants.[1] For the following reasons, we will reverse the grant of summary judgment on Shelton's excessive use of force claim and remand for further proceedings.

I.

The facts being well-known to the parties, we set forth only those that are pertinent to this opinion. On August 30, 2009, Shelton was placed in a cell with another inmate, Graham, despite Shelton's protestations that "it wouldn't work out" between them. (Dkt. No. 74, p. 3.) After Shelton was handcuffed during a cell rotation, Graham assaulted Shelton by punching his face and kicking his body. (Id.) Shelton alleged that the prison officers did not intervene for "a whole three minutes." (Id.) Then, according to Shelton, Officers Raup and Whittaker, with Lieutenant Heath, entered the cell, "slammed" him to the ground while his hands were "cuffed behind his back," and sprayed his face with pepper spray. (Id.)

Shelton alleged that Lieutenant Heath "intentionally and purposefully" cut off his breathing by placing her knee on the back of his neck. (Id. p. 4.) He also claimed that Officers Raup and Whittaker punched and kicked his face and body while he was

_____

[1] Shelton initially named thirty-two defendants in his complaint. After he filed an amended complaint, only claims against Officer Whittaker, Lieutenant Heath, Officer Raup, Lieutenant Galletta, and Medical Examiner Potter (collectively, "the Defendants") remained in the case. (Dkt. No. 74, p. 4.)

handcuffed and lying on the floor of the cell.  (Id.)  According to Shelton, when he told

the officers that he could not breathe and that the pepper spray was burning his face,

Officer Raup said, "[W]e want you to suffer.  [W]e [don't] care if you can breath[e]."

(Id.)  Based on these events, Shelton alleged that the Defendants used excessive force

against him, in violation of his Eighth Amendment rights.  (Id. p. 3.)

Shelton and the Defendants filed cross-motions for summary judgment.  (Dkt.

Nos. 96, 104.)  Shelton submitted his own sworn affidavits as evidence to support the

facts alleged in his amended complaint.  (Dkt. Nos. 47 and 127, Ex. 1.)  The Defendants

also submitted a sworn affidavit, describing the August 30, 2009, incident as follows:

> Records indicate that Officers Raup and Whittaker were conducting cell
> rotations on August 30, 2009.  [Shelton] submitted to restraints in order to
> be moved to another cell.  Before [Graham] could be placed in restraints he
> started to assault [Shelton].  The officer called for assistance and repeatedly
> ordered the assailant to cease all actions.  Upon arrival of additional staff
> the assault was discontinued and the assailant submitted to restraints.  As
> the assailant was being removed from the cell [Shelton] charged the
> assailant and attempted to kick him.  One of the lieutenants who responded
> to the incident deployed a two second burst of MK-09 OC [pepper spray] to
> the facial area of [Shelton] in an attempt to stop the assault.  [Shelton] was
> ordered to lay on the ground but refused. . . . Staff entered the cell and
> placed [Shelton] on the ground.

(Dkt. No. 124, Ex. 3 ¶ 5.)

The District Court granted summary judgment in favor of the Defendants on all of

Shelton's claims.  (Dkt. No. 138.)  As to Shelton's excessive use of force claim, the

District Court stated that Shelton provided "no evidence" to support a conclusion that the

use of force against him "was anything other than staff using the minimal amount of

force necessary to regain control of him." Shelton v. Bledsoe, No. 4:CV-11-0368, 2012 WL 485067, at *10 (M.D. Pa. Feb. 14, 2012). Shelton timely filed a notice of appeal. (Dkt. No. 139.)

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(a).

When considering an excessive use of force claim, a district court must consider whether force was applied in a "good-faith effort to maintain or restore discipline, or maliciously and sadistically" to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Courts look to several factors when making this determination, including (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by prison officials; and (5) any efforts made to temper the severity of a forceful response. See Whitley v. Albers, 475 U.S. 312, 321 (1986); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

Shelton's appeal is limited to two issues. The first is whether the District Court, in granting summary judgment to the Defendants on his excessive force claim, "improperly

4

decided disputed factual issues." (Appellant's Br. pp. 1, 5.) The second is whether his "factual allegations" raised a "material issue" under the Eighth Amendment. (Id. p. 6.) The Appellees respond that Shelton's affidavit "did not create material factual disputes regarding his excessive use of force claim." (Appellees' Br. p. 25.)

We turn our attention to the Whitley factors, in particular, the need for the application of force and the relationship between that need and the amount of force that was used. 475 U.S. at 321. The District Court granted summary judgment in favor of the Defendants after determining that Shelton had not provided any evidence that the force used against him was anything other than the "minimal amount" needed to regain control of him after he was attacked by Graham. Shelton, 2012 WL 485067, at *10. The District Court discounted Shelton's affidavits, finding that they "merely reiterate[d] those allegations contained" in his amended complaint, and that he needed to "go beyond [the] pleadings and provide some evidence" showing that there was a genuine issue for trial.[2] Id.

Shelton's sworn affidavits, which described the amount of force used by the Appellees, did just that. (Dkt. Nos. 47 and 127, Ex. 1.) Affidavits are an admissible form of evidence used to support factual positions during summary judgment. Fed. R. Civ. P.

_____

[2] The District Court relied on Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000). That, however, was a counseled employment discrimination case where the plaintiff had the burden of demonstrating that he had a disability before he could proceed to trial. Needless to say, it has little persuasive value here.

56(c).  We have consistently said that a pro se inmate, like Shelton, "is in a decidedly difficult position from which to generate record evidence" and that affidavits "are about the best that can be expected" at the summary judgment stage.  Brooks, 204 F.3d at 108 n.7 (quoting Norman v. Taylor, 25 F.3d 1259, 1265 (4th Cir. 1994)(Hall, J., dissenting)(internal punctuation omitted)); see also Smith v. Mensinger, 293 F.3d 641, 649 n.4 (3d Cir. 2002).  The District Court should have considered Shelton's affidavits as evidence with respect to his excessive use of force claim.

Had it done so, it would have been apparent that there was a dispute of material fact as to whether Shelton was resisting the officers at the point when Lieutenant Heath cut off his breathing by putting her knee to his neck, and when the officers kicked and punched him and told him that they wanted to see him suffer.  The Defendants did not deny that those events occurred.  (Dkt. No. 124, Ex. 3.)  Even the Appellees recognize the disputed issue, stating, "[a]dmittedly, Shelton stated that one officer put her knee on his neck and three other officers struck him when he was on the floor while he was handcuffed . . . ."[3]  (Appellees' Br. p. 25.)  Were a jury to believe Shelton's testimony that he was assaulted by the officers while he was fully restrained on the ground, with his hands cuffed behind his back, it may conclude that the force used was excessive under

---

[3] The Appellees go on to say that Shelton does not "address the context of these events" as required by Whitley, 475 U.S. at 321, but that case does not stand for the proposition that some "context" could exist to excuse such actions by prison officials. Rather, Whitley instructs that, if the evidence, when viewed in the light most favorable to the plaintiff, supports "a reliable inference of wantonness in the infliction of pain," the case should go to the jury. Id.

6

the circumstances.  See, e.g., <u>Giles</u>, 571 F.3d at 327 (correctional officer defendants not entitled to qualified immunity on excessive use of force claim where plaintiff "testified that he was hit and kicked while restrained on the ground, after he ceased to resist"); <u>Mensinger</u>, 293 F.3d at 649 ("Punching and kicking someone who is handcuffed behind his back … is repugnant to the conscience of mankind, absent the extraordinary circumstances necessary to justify that kind of force.") (citation omitted); <u>Brooks</u>, 204 F. 3d at 106 (while some force may have been necessary to "reign in" inmate's overtime telephone call, his being shackled at the time greatly diminished the extent of threat to staff).

Viewing the evidence in the light most favorable to Shelton, we conclude that there was a genuine issue of material fact at least as to the need for the application of force and the relationship between that need and the amount of force that was used by the Defendants during the August 30, 2009 incident.  See <u>Whitley</u>, 475 U.S. at 321. Summary judgment in favor of the Defendants on Shelton's excessive use of force claim was therefore inappropriate.

III.

For the foregoing reasons, the District Court's order, entered February 14, 2012, will be reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.  The grant of summary judgment in favor of the Defendants on

Shelton's excessive use of force claim will be reversed.  We will affirm the District

Court's order in all other respects.[4]  All pending motions are denied.

---

[4] Shelton did not raise any other issues in his opening brief and we will therefore deem them waived.  Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).